UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JOSE GREGORIO CAMINERO LUZARDO | ) | Case No. 08-11923-SSM |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |
| JOSE G. CAMINERO LUZARDO | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 08-1324 |
| | ) | |
| AMERICA'S SERVICING | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM OPINION AND ORDER
DISMISSING COMPLAINT**

Before the court is the motion of the defendant, America's Servicing Co., to dismiss the complaint for lack of jurisdiction and failure to state a claim for relief. A hearing was held on October 7, 2008. The defendant was present by counsel. No appearance was made by the plaintiff. For the reasons stated, the complaint will be dismissed.

Background

Jose Gregorio Caminero Luzardo filed a voluntary petition in this court on April 11, 2008 for relief under chapter 7 of the Bankruptcy Code. Among the assets listed on his schedules was real property located at 2317 N. Evergreen Street, Arlington, Virginia. The property is shown as being jointly-owned and is valued at $577,700, subject to a deed of trust in favor of America's Servicing Company in the amount of $625,000. The claim is not shown as disputed, nor does

1

the debtor's schedule of assets list any claim or cause of against America's Servicing Company. Indeed, the debtor's statement of intention with respect to property securing consumer debts states an intent to surrender the property.

The debtor's statement of financial affairs, while it lists two suits filed <u>against</u> him, does not disclose any litigation brought <u>by</u> him during the one-year period prior to the bankruptcy filing. In fact, however, the debtor was a plaintiff in a suit against Wells Fargo Bank, N.A., doing business as America's Servicing Co., in the United States District Court for the Eastern District of Virginia, for alleged violations of the Truth in Lending Act and Real Estate Settlement Procedures Act related to a refinance of the North Evergreen Street property. The district court dismissed the complaint on March 5, 2008, for failure to state a claim for relief. *Caminero v. Wells Fargo Bank*, No. 1:07cv800-JCC (E.D. Va., March 5, 2008). As noted, the debtor's chapter 7 petition was filed five weeks later.

Robert O. Tyler was appointed as chapter 7 trustee, and, after conducting the meeting of creditors, filed a report of no distribution on June 24, 2008. In the interim, America's Servicing Company filed a motion for relief from the automatic stay in order to enforce its deed of trust against the North Evergreen Street property. No response was filed by either the debtor or the trustee opposing the motion, and an order (endorsed by the chapter 7 trustee) granting the requested relief was entered on June 30, 2008. No appeal was taken from the relief from stay order. The debtor received a discharge on August 4, 2008, and the chapter 7 case was closed on September 30, 2008. The present adversary proceeding was filed by the debtor *pro se* on August 1, 2008, against America's Servicing Co. and Deutsche Bank National Trust Co., as trustee for Soundview Home Loan Trust 2006-3.

Discussion

A.

The pleading commencing this adversary proceeding is titled "Opposition to Creditor's Claim." While verbose and not easy to follow, it essentially challenges the standing of America's Servicing Company and Deutsche Bank to enforce the mortgage note. The debtor asserts that there is no evidence that the noteholder, Soundview Home Loan Trust 2006-3 (which is described in its prospectus as a common-law trust) has a legal existence sufficient to qualify it as a holder in due course, and he asserts that the note and deed of trust he signed were false and fraudulent because the recited consideration (the refinance loan that paid off the prior encumbrances against the property) had not yet been received at the time he was required to sign them. He requests that the mortgage company's "claim should be denied for lack of competent fact witnesses to support [their] standing to make it and to intrude on the rights of the Debtor in this Bankruptcy."

On September 19, 2008, Wells Fargo Bank, N.A., d/b/a America's Servicing Company, filed the motion that is currently before the court to dismiss the complaint under Rules 12(b)(1) and (6), Federal Rules of Civil Procedure, for lack of subject-matter jurisdiction and for failure to state a claim for relief. Because the court agrees that subject-matter jurisdiction is lacking, the court need not reach the issue of whether a claim has been stated.

B.

The jurisdiction argument is premised on the debtor's lack of standing to assert the claims in the complaint. Upon the filing of a bankruptcy petition, an estate is created that includes all of the debtor's equitable and legal rights in property. § 541(a), Bankruptcy Code.

3

This includes the debtor's causes of action. *Tignor v. Parkinson*, 729 F.2d 977 (4th Cir. 1984). Whether a cause of action is property of the bankruptcy estate is not dependent on whether it has matured under state law; rather, it is sufficient that the claim is "sufficiently rooted in the pre-bankruptcy past" and is not "entangled with the [debtor's] ability to make an unencumbered fresh start." *Segal v. Rochelle*, 382 U.S. 375, 380, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966). In a chapter 7 case, the trustee, as representative of the estate, is the only party with standing to prosecute a cause of action belonging to the debtor so long as it remains property of the estate. *Field v. Transcontinental Ins. Co.*, 219 B.R. 115 (E.D. Va. 1998) (holding that debtor's bad-faith claim against insurance company that refused to indemnify him with respect to automobile accident occurring 4 months prepetition was sufficiently rooted in prebankruptcy past to constitute property of estate).

     A cause of action can leave the estate in three ways: the debtor may successfully exempt it under § 522(b), Bankruptcy Code; the trustee may abandon it under § 554(a), Bankruptcy Code; or the trustee may administer it by suing on it, settling it, or selling it. Although property that is listed on the debtor's schedules is deemed abandoned if it has not been administered prior to the closing of the case, *see* § 554(c), Bankruptcy Code, unlisted property remains property of the estate even after the case is closed. § 554(d), Bankurptcy Code; *Stanley v. Sherwin-Williams Co.*, 156 B.R. 25, (W.D. Va. 1993); *In re Lehosit*, 344 B.R. 782 (Bankr. N.D. W.Va. 2006). Accordingly, because the debtor's claim against America's Servicing Company was not listed on his schedules, it remains property of the estate and may be asserted, if at all, only by the chapter 7 trustee. In the absence of standing, a federal court—which under the Constitution is limited to

deciding "cases and controversies"—lacks subject-matter jurisdiction. *Allen v. Wright*, 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984).[1]

C.

But even if the debtor had standing, the court would nevertheless have to conclude that the claims the debtor asserts lie outside the subject-matter jurisdiction of this court. Like other federal courts, bankruptcy courts are courts of limited jurisdiction, and as such, they "must be alert to overstepping their limited grants of jurisdiction." *Poplar Run Five L.P. v. Virginia Electric & Power Co. (In re Poplar Run Five L.P.)*, 192 B.R. 848, 854-55 (Bankr. E.D. Va. 1995). Under 28 U.S.C. §§ 1334 and 157(a) and the general order of reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984, this court has jurisdiction of bankruptcy cases and of civil proceedings that "arise under" the Bankruptcy Code or that "arise in" a bankruptcy case or are "related to" a bankruptcy case. To determine whether a civil proceeding "arises under" the Bankruptcy Code, a court must

> apply the same test for deciding whether a civil action presents a federal question under 28 U.S.C. § 1331. This means that "arising under" jurisdiction in bankruptcy extends to "only those cases in which a well-pleaded complaint establishes either that federal [bankruptcy] law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal [bankruptcy] law."

*Id*. (internal citations omitted) (alterations in original). Proceedings "arising in" a bankruptcy case, as the Fourth Circuit has explained, are those proceedings that "are not based on any right

---

[1] Of course, dismissal based on the <u>debtor's</u> lack of standing would not prevent the <u>trustee</u> from seeking to reopen the debtor's case and to assert the claims on behalf of the estate. Certainly, a valuable parcel of real estate with no enforceable lien against it would be a tempting asset for any trustee. However, the debtor's particular arguments against the enforceability of the deed of trust at issue here are such that a trustee would probably not find them promising.

expressly created by [the Bankruptcy Code], but nevertheless would have no existence outside of the bankruptcy." *Bergstrom v. Dalkon Shield Claimants Trust (In re A. H. Robins Co., Inc.)*, 86 F.3d 364, 372 (4th Cir. 1996), *cert. denied*, 117 S.Ct. 483, 136 L.Ed.2d. 377 (1996); *see Grausz v. Englander*, 321 F.3d 467 (4th Cir 2003) (debtor's malpractice claim against his bankruptcy attorney for acts committed during the case "arises in" the bankruptcy case).  Finally, the "related to" category of proceedings is "quite broad and includes proceedings in which the outcome could have an effect on the estate being administered*." Id., citing Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) ("An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedoms of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.").  Nevertheless, the "related to" category is not so broad as to encompass litigation of federal or state law claims that will not have an effect on the bankruptcy estate, simply because one of the litigants filed a petition in bankruptcy.  *New Horizon of N.Y., LLC v. Jacobs*, 231 F.3d 143 (4th Cir. 2000) (district court lacked even "related to" jurisdiction over state law claims by entity formed to purchase debtor's assets in accordance with a confirmed plan against parties who allegedly interfered with the sale); *Valley Historic Ltd. P'ship v. Bank of New York*, 486 F.3d 831 (4th Cir. 2007) (bankruptcy court did not have post-confirmation jurisdiction to adjudicate debtor's claims against lender holding a deed of trust against its property for improperly increasing the monthly payments prepetition and for tortiously interfering with the debtor's contractual relationship with its tenant).

Although titled as an "Objection to Claim," the pleading does not actually invoke any rights created by the Bankruptcy Code.  The trustee, as noted, has filed a report of no distribution

and the case has been closed without payment of any claims.  Indeed, creditors were advised by the notice of commencement of the debtor's case not to file claims, as it appeared there would be no assets with which to pay them.  Thus, there is no need for the court to adjudicate the validity or enforceability of the Wells Fargo note and deed of trust, as such a determination would have no effect on distributions to creditors.  Even though "related to" jurisdiction is quite broad, it does not extend to purely state-law (or non-bankruptcy federal law) claims, the resolution of which will not affect administration of the estate, distributions to creditors, or rights specifically protected by the Bankruptcy Code.

                                O R D E R

       For the foregoing reasons, it is

       **ORDERED:**

       1.  This adversary proceeding is dismissed for lack of subject-matter jurisdiction.

       2.  The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____          _____
                                        Stephen S. Mitchell
Alexandria, Virginia                        United States Bankruptcy Judge

Copies to:

Jose G. Caminero Luzardo
13550 Virginia Randolph Ave., #200
Herndon, VA 20171
Plaintiff *pro se*

Amy S. Owen, Esquire
Cochran & Owen LLC
8000 Towers Crescent Drive
Suite 160
Vienna, VA 22182
Counsel for the defendant

Robert O. Tyler, Esquire
Tyler, Bartl, Gorman & Ramsdell, PLC
700 S. Washington Street, Suite 216
Alexandria, VA  22314
Chapter 7 trustee